UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL HANSEN, | |
| Plaintiff(s), | Case No. 2:13-cv-0750-JCM-VCF |
| vs. | ORDER REQUIRING PAYMENT OF FEES AND COSTS, AND ADMONISHING ANTHONY GEORGE AND WILLIAM EBERT |
| ROBINSON NEVADA MINING CO., | |
| Defendant(s). | |

Pending before the Court is an order for Defendant and its counsel to show cause why sanctions should not be imposed on them for failing to, *inter alia*, participate in the Early Neutral Evaluation ("ENE") session in good faith and/or failing to comply with the Court's order regarding the ENE session. *See* Docket No. 21. Defendant and its counsel filed a response, including a number of exhibits. Docket No. 25. While the order to show cause was pending, the parties filed a notice that they have amicably resolved the issue of attorney's fees and costs to be paid to Plaintiff. *See* Docket Nos. 27, 28. The Court hereby **ORDERS** that the agreed-upon amount of fees and costs be paid no later than September 18, 2013.

While the Court is encouraged that the parties have resolved the issue of fees and costs, the fact remains that Defendant and its counsel clearly violated Federal Rule of Civil Procedure 16(f) when they appeared at the ENE session without any intention to attempt to resolve the matter, and instead indicated <u>for the first time</u> that they would not engage in settlement discussions based on a policy against doing so. *See Guillory v. Dotmar Indus. Inc.*, 95 F.3d 1320, 1334 (5th Cir. 1996)

1 (finding court was "well within" its discretion in issuing sanctions for conduct less egregious than
2 that here); *see also Travelers Property Cas. Co. Of Am. v. Las Vegas Township Constables Office*,
3 2013 WL 3975664, *8 (D. Nev. Aug. 1, 2013); *Hansen v. State Farm Mutual Auto. Co.*, 2013 WL
4 1385639, *4 (D. Nev. Apr. 3, 2013). This violation also wasted the Court's resources, which is a
5 public resource that should not be squandered. *See, e.g.*, *United States v. Reaves*, 636 F. Supp.
6 1575, 1578 (E.D. Ky. 1986). The Court declines to impose further monetary sanctions, but
7 admonishes counsel Anthony George and William Ebert for violating Rule 16's good faith
8 requirement. Counsel are expected to understand the rules of practice in federal court. *See, e.g.*,
9 *Dela Rosa v. Scottsdale Mem. Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998) ("Just as an
10 attorney who always practices in state court is expected to know the rules of administration and
11 operation particular to that court, we expect an attorney practicing law in federal court to become
12 familiar with and follow rules applicable to practice in this court."). There should have been no
13 confusion that the conduct of Defendant and its counsel at the ENE session violated Rule 16.

The order to show cause is hereby **DISCHARGED**.

IT IS SO ORDERED.

DATED: August 20, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge