**COGBURN LAW OFFICES**
ANDREW L. REMPFER, ESQ.
NEVADA BAR NO. 8628
alr@cogburnlaw.com
DAVID L. LANGHAIM, ESQ.
NEVADA BAR NO. 12425
dlanghaim@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
Tel: (702) 384-3616
Fax: (702) 943-1936
Attorneys for Plaintiff Daniel Hansen

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL HANSEN,<br><br>                        Plaintiff,<br>vs.<br><br>ROBINSON NEVADA MINING COMPANY, a Nevada corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>                        Defendants. | Case No.:  2:13-cv-00750-JCM-VCF<br><br>**PROTECTIVE ORDER** |

Upon the stipulation of the parties, Plaintiff Daniel Hansen ("Plaintiff" or "Hansen") and Defendant Robinson Nevada Mining Company ("Defendant" or "Robinson"), through their counsel of record, the Court hereby ORDERS as follows:

1. It is the purpose of this Protective Order ("Order") to allow Robinson to confidentially disseminate to Plaintiff the following types of documents: (a) employment files, containing personal health information for: Robin Polacek-Peterson; David Brown; Charles Mason; Kimberley Morill; Robert Kinterknecht; and Gary Green; (b) all confidential documents, materials, data and information produced or disclosed by a party to another party prior to trial in this action, including but not limited to confidential information in responses to interrogatories,

1  responses to requests for admission, responses for requests for production of document, documents produced by either Defendant or Plaintiff, deposition testimony (and all copies, experts and summaries thereof) and (c) all other confidential material produced, filed, or otherwise used in the course of pre-trial discovery and other pre-trial proceedings in this action. It is also the purpose of this Order to ensure that the above-described documents and information are maintained as confidential and are used only for purposes of this litigation.  The parties agree that some or all of the documents described above contain confidential and personal health information regarding Robinson's employees and/or third parties which is not known by, and has not been revealed to, the public.

2. Any confidential documents produced pursuant to paragraph 1 will be designated confidential by stamping copies of the documents produced with the legend "CONFIDENTIAL." A party that objects to identification of a document as "CONFIDENTIAL" may move the Court for an order treating the document as non-confidential, but the document shall be treated as "CONFIDENTIAL" until such time as the Court orders otherwise.

3. Documents labeled "CONFIDENTIAL" and produced pursuant to this Order, shall be disclosed, revealed, or disseminated only to (a) the Court and court personnel; (b) the parties and their officers, directors and managing agents; (c) counsel of record for the parties and their associated attorneys, paralegals, secretaries, clerical staff, contractors and vendors (such as copy services and litigation consultants) (collectively "Counsel"); (d) retained experts; and (e) actual and anticipated witnesses who have signed an acknowledgement and agreement in the form attached hereto as Exhibit A; and not to any other person, governmental agency or entity; provided, however, that documents containing confidential and personal health information regarding individuals other than Plaintiff may be disclosed to Plaintiff's Counsel but shall not be disclosed to Plaintiff absent further order of the Court.  Documents labeled "CONFIDENTIAL" shall be used only for purposes of this litigation and not for any other purpose.

4. A party that inadvertently produces a confidential document without designating it as "CONFIDENTIAL" may designate the document as "CONFIDENTIAL" thereafter by

1  written notice (including email notice), and the other party(ies) shall treat the document as
2  confidential under this Order from the date such notice is received and shall use best efforts to
3  retrieve and re-designate the document as "CONFIDENTIAL" if it has been disclosed to persons
4  not authorized to receive confidential information under this Order.

5      5.    If documents labeled "CONFIDENTIAL" are included in any papers filed in this
6  Court, such papers shall also be labeled "CONFIDENTIAL" and the filing party shall seek leave
7  to file such papers under seal. The parties hereby agree to cooperate in good faith in the effort of
8  either party to file such papers under seal.

9      6.    The parties shall comply with the requirements of the Ninth Circuit's decision in
10  *Kamakana v, City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), with respect to any
11  documents filed under seal or used at trial.

12      7.    This Order does not prevent the parties from disseminating the documents
13  identified in paragraph 1 to any attorney(s) of record representing them, or any attorney(s) who
14  may substitute into this matter after the effective date of the Order, however, it is agreed that the
15  Order shall apply to and is binding on any subsequent attorney(s) of record who may represent
16  the parties in this matter.

17      8.    Dissemination of the documents identified in paragraph 1(a) from Robinson to
18  Plaintiff will take place within ten (10) days after the Court's entry of this Order.

19      9.    The terms of this Order shall survive the final termination of this action and shall
20  be binding on the parties thereafter.

21      10.    Upon determination or settlement of the action, the parties shall, within ten (10)
22  days after written notice from Robinson, return all documents identified in paragraph 1, and
23  disseminated pursuant to this Order. Counsel for the parties may retain the documents in the
24  ordinary course of their practice and as required by law.

25      11.    This Order is subject to modification by written stipulation of the parties or by
26  further order of the Court.

27      12.    This Order does not affect or waive any otherwise applicable privilege of any

28

COGBURN LAW OFFICES
2879 St. Rose Pkwy, Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

party and does not affect or waive any right that a party would otherwise have to object to the disclosure or use of any documents or information in connection with this proceeding.

**APPROVED AS TO FORM AND CONTENT**

Dated: August 6th, 2013

Respectfully submitted,

_/s/ Andrew Rempfer_____
ANDREW L. REMPFER, ESQ.
DAVID L. LANGHAIM, ESQ.
COGBURN LAW OFFICES

Attorneys for Plaintiff
DANIEL HANSEN

Dated: August 6th, 2013

Respectfully submitted,

/s/ Anthony George_____
J. WILLIAM EBERT, ESQ.
LIPSON, NEILSON, COLE, SELZTER, GARIN, P.C.

L. ANTHONY GEORGE, ESQ.
BRYAN CAVE HRO

Attorneys for Defendant
ROBINSON NEVADA MINING COMPANY

**IT IS SO ORDERED.**

Dated this 27 day of August, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"

## ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND

I, the undersigned, state as follows:

1. I certify and declare under penalty of perjury that I have read and understand the Protective Order issued on _____ \_\_, 2013 ("the Order"), in the case *Daniel Hansen v. Robinson Nevada Mining Company*, Case No. 2:13-CV-00750-JCM-VCF ("the Lawsuit").

2. I agree to comply with and be bound by the provisions of the Order.

3. I will not copy or use any documents marked "CONFIDENTIAL" that are disclosed to me in connection with the Lawsuit, and I will not disclose any such documents to anyone else unless authorized to do so by the Court or by counsel for Daniel Hansen and counsel for Robinson Nevada Mining Company.

4. I acknowledge that any unauthorized use or disclosure of documents marked "CONFIDENTIAL" may constitute contempt of Court, and I consent to personal jurisdiction in the United States District Court for the District of Nevada with regard to enforcement of this Order.

_____
Signature

_____
Print Name

_____
Date