**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL HANSEN,

    Plaintiff(s),

v.

ROBINSON NEVADA MINING COMPANY,

    Defendant(s).

2:13-CV-750 JCM (VCF)

**ORDER**

Presently before the court is defendant Robinson Nevada Mining Company's ("Robinson") motion for summary judgment. (Doc. # 35). Plaintiff Daniel Hansen filed a response in opposition (doc. # 39), and Robinson filed a reply (doc. # 40).

**1.    Background**

In the instant action, plaintiff Daniel Hansen seeks to recover damages as a result of Robinson's alleged discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and under Nevada's anti-discrimination statutes, NRS § 613.330, et. seq., as well as Robinson's alleged FMLA interference by failing to inform Hansen of his rights under the Family and Medical Leave Act, 29 U.S.C. § 2615(a)(1) ("FMLA"). Hansen alleges that on May 4, 2011, Robinson terminated his employment as a result of his disability or perceived disability. Hansen also alleges that Robinson never offered or provided information concerning his rights under the FMLA.

. . .

**James C. Mahan**
**U.S. District Judge**

In the instant motion, Robinson argues that Hansen's claim under the ADA fails because Hansen was not "qualified under the ADA and additionally was not discharged because of a disability." (Doc. # 35). Specifically Robinson argues Hansen's employment was terminated because he was unable to perform the essential functions of his position or any vacant position that he was qualified for, with or without a reasonable accommodation. (Doc. # 35).

Robinson also argues that Hansen's claim under NRS 613.330 fails for the same reasons as under the ADA, and alternatively that the claim is time-barred. (Doc. # 35).

Robinson argues that Hansen's claim under the FMLA fails because Hansen was not an eligible employee under the FMLA, Hansen has failed to present evidence of a prima facie case of FMLA interference, and alternatively that the claim is time-barred. (Doc. # 35).

## 2.   Legal Standard

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party

James C. Mahan
U.S. District Judge

will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**3.    Discussion**

In his complaint, Hansen makes three claims against Robinson: (1) Robinson discriminated illegally under the ADA, (2) Robinson discriminated illegally under NRS 613.330, and (3) Robinson committed FMLA interference. Robinson argues that it should be granted summary judgment as to all of these claims. The court will address each of Hansen's claims in turn.

**James C. Mahan
U.S. District Judge**

   *a.*  *ADA*

   The ADA prohibits covered employers from discriminating against their employees on the basis of disability. 42 U.S.C. § 12112(a). Discrimination can also occur when an employer fails to make reasonable accommodations for an employee's disability. *See McGary v. City of Portland*, 386 F.3d 1259, 1265-66 (9th Cir. 2004). As with Title VII cases, the court applies the burden-shifting framework set forth in *McDonnell Douglas* to ADA discrimination claims. *See, e.g.*, *Snead v. Metropolitan Property & Cas. Ins. Co.*, 237 F.3d 1080, 1093 (9th Cir. 2001).

   To establish a prima facie case for failure to accommodate and employment termination under the ADA, a plaintiff must establish: (1) that she is a disabled person within the meaning of the ADA; (2) that she is qualified to perform the essential functions of her job with reasonable accommodation; and (3) that she suffered an adverse employment action because of her disability. *Allen v. Pacific Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003); *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996).

   The ADA defines a "qualified individual" as: "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8) (2012). The ADA also gives some deference to an employer to determine what functions of a job are essential, and gives credence to written descriptions of positions made before advertising or interviewing applicants for a position. *Id.*

   The parties do not dispute that Hansen is a disabled person within the meaning of the ADA for purposes of summary judgment. (Doc. # 35 at p. 17 note #1).

   The parties do not dispute that on April 20, 2011, Hansen's doctor released him to return to work. (Doc. # 35 at p. 9; doc. #39 at p. 3). Hansen's doctor stated he would not be able to perform his previous job. (Doc. # 35 at p. 9). Robinson argues that Hansen was not qualified to perform the essential functions of his job with a reasonable accommodation. (Doc. # 35 at p. 18-19). Although Hansen in his opposition objects to this contention, (doc. # 39 at p. 4) *(*"Hansen objects to the statements in these paragraphs because they are belied by documents [d]efendant produced."), Hansen has not provided any evidence disputing Robinson's conclusions. Meanwhile the evidence

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  Robinson relies on is Hansen's own deposition, (Doc. # 35-4 at p. 17; doc. # 35-5 at p. 1-4), as well
2  as Hansen's doctor's report. (Doc. # 35 at p. 18).

3  The court finds that no genuine issue exists as to whether Hansen was qualified to perform
4  his previous job with or without reasonable accommodations. Hansen provides no evidence
5  indicating that he was qualified to perform his previous job and therefore does not establish the
6  second element of a prima facie case of discrimination under the ADA for his termination from his
7  previous job.

8  The parties appear to dispute whether Hansen was qualified for another position. Robinson
9  states that there were four positions that were vacant at the time that Hansen was released by his
10 doctor. (Doc. # 35 at p. 19). Robinson argues that Hansen was not qualified for any of these positions
11 either for the same reason he was not qualified for his previous position or because they would have
12 been a promotion. (Doc. # 35 at p. 20-21).

13 Hansen does not appear to claim he was qualified for any particular position, and instead
14 claims that Robinson should have made a reasonable accommodation of "light duty" available. (Doc.
15 # 39 at p. 17). Hansen claims whether "light duty" is a "reasonable accommodation" is a factual
16 determination for the jury. (Doc. # 39 at p. 14). Robinson responds by arguing that light duty would
17 have equated to the creation of a new position, not an existing vacant position, and therefore it is not
18 a reasonable accommodation. (Doc. # 35 at p. 20).

19 Whether "light duty" is a "reasonable accommodation" is a fact question to be determined
20 by a jury. However, a court may still find at the summary judgement stage that a proposed
21 accommodation is not reasonable, after engaging in a fact-specific, individualized inquiry. *See, e.g.*,
22 *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1247 (9th Cir. 1999). The court at the summary
23 judgment stage must weigh the risks and alternatives when attempting to determine whether a
24 genuine issue exists regarding the reasonableness of an accommodation. *Id.*

25 An employer is not required to create new "light duty" positions to accommodate an
26 employee under the ADA. *See Puckett v. Porsche Cars of N.A., Inc.*, 976 F. Supp. 957, 967 (D. Nev.
27 1997); *see also Wellington v. Lyon Cty. Sch. Dist.*, 187 F.3d 1150, 1155 (9th Cir. 1999). While the
28

James C. Mahan
U.S. District Judge

- 5 -

1  evidence shows that the Robinson in the past had accommodated employees by providing them with
2  a "light duty" position, Hansen has not provided any evidence that "light duty" was an existing
3  vacant position which would have been a reasonable accommodation for Hansen. Hansen instead
4  argues that the Robinson's "informal policy" of refusing to provide light-duty to employees injured
5  off the job "constitutes a per se violation of the ADA. (Doc. # 39 at p. 17). However Hansen
6  provides no authority to support this position.

7  The court finds that no genuine issue exists as to whether Hansen was qualified for any
8  existing position with Robinson. Hansen has provided nothing more than conclusory allegations that
9  are unsupported by factual data.

10  The parties dispute whether Hansen was terminated because of his disability. Robinson
11  argues that Hansen was terminated because he had exhausted his short-term leave and was no longer
12  qualified to perform his prior position or any other vacant position. (Doc. # 35 at p. 21). Hansen cites
13  only a single email with the subject line "Dan Hansen - let's look at phys[ical] restrictions and
14  discuss termination . . ." as evidence that Hansen was discriminated against due to disability. (Doc.
15  # 39 at p. 1). This court finds that the cited email does not support the contention that Hansen was
16  terminated due to his disability. Instead it shows only that Robinson considered whether he was
17  qualified for any positions and recognized that termination was a possibility.

18  The court finds that no genuine issue exists as to whether Hansen was terminated because
19  of his disability. Robinson has satisfied its initial burden and Hansen has not established that a
20  genuine issue exists with anything more than conclusory allegations.

21  Accordingly, because Hansen has provided no evidence indicating that Robinson has violated
22  the ADA, the court will grant summary judgment in favor of Robinson on this claim.

23    b. *NRS 613.330*

24  The Nevada Supreme Court and federal courts in Nevada look to the ADA for guidance when
25  applying Nevada's anti-discrimination statutes. *See Hirschhorn v. Sizzler Restaurants Intern., Inc.*,
26  913 F. Supp. 1393, 1398 (D. Nev. 1995) (citing *Apeceche v. White Pine Cnty*, 615 P.2d 975, 977
27  (Nev. 1980)).

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1  Robinson argues that the claim under NRS 613.330 fails for the same reasons that the ADA claim fails. (Doc. # 35 at p. 22). Hansen has not provided the court with any further arguments that the NRS 613.330 claim should withstand summary judgment.

Accordingly, because Hansen has provided no evidence indicating that Robinson has violated NRS 613.330, the court will grant summary judgment in favor of Robinson on this claim.

    *c.*    *FMLA*

Robinson makes three arguments as to why the court should grant summary judgment in its favor on Hansen's claim of FMLA interference: (1) the claim is time-barred, (2) Hansen was not an "eligible employee," and (3) Hansen has not established a prima facie case of FMLA interference. The court will address each of Robinson's arguments in turn.

        i.    Time-Barred

Robinson's first argument for dismissal regards the statute of limitations of the FMLA. Hansen failed to respond to the argument, however this court recognizes that the claim may have been raised within the statutory period.

An action brought under the FMLA must be brought within two years of the date of the last event constituting an alleged violation. 29 U.S.C. § 2617(c)(1). Hansen's last alleged FMLA interference claim occurred on May 4, 2011. (Doc. # 10 at p. 5). Robinson argues that Hansen did not assert the FMLA claim until May 22, 2013, the date of the filing of Hansen's first amended complaint. (Doc. # 35 at p. 23). Hansen's original complaint was filed April 9, 2013, (doc. 1-1 at p. 2), within the two year statutory period. Therefore the FMLA claim is timely if it relates back to the original complaint.

A claim relates back to the complaint if "the claim . . . asserted in the amended [complaint] arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the [complaint]." Fed. R. Civ. P. 15(c)(1).

Hansen's FMLA claim arises from the same set of facts as his original claim of discrimination under the ADA. Accordingly, the court finds that the FMLA claim relates back to the original complaint and is not time-barred.

James C. Mahan
U.S. District Judge

- 7 -

   ii.  "Eligible Employee"

To be eligible for FMLA benefits, an employee must have been employed for the prior twelve months and have worked for 1250 hours within that time frame. 29 U.S.C. § 2611(2)(A) (2012); 29 C.F.R. § 825.110(a) (2013). Robinson argues that Hansen was not an eligible employee because in the twelve months prior to May 4, 2011, he had only worked 1131 hours. (Doc. # 35 at p. 16). Hansen disputes this calculation by stating "Hansen object[s] to the 'facts' in this paragraph to the extent they constitute a legal conclusion regarding Hansen's eligibility for FMLA." (Doc. # 39 at p. 4). Hansen fails to offer an alternative calculation and cites no evidence for his dispute of the calculation of 1131 hours.

The court finds no material dispute regarding the number of hours Hansen had worked in the twelve months prior to May 4, 2011.

Accordingly, the court finds that Hansen was not FMLA eligible on May 4, 2011 the date Hansen alleges the FMLA interference occurred. (Doc. # 10 at p. 5).

   iii.  Prima Facie Case of FMLA Interference

To prevail on a claim that a former employer violated the FMLA through interference, a plaintiff must present evidence establishing that (1) the employee took protected leave, (2) the employer took an adverse action against the employee, and (3) the adverse action was causally related to the employee's FMLA leave. *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir. 2001).

Employers may be liable for FMLA interference only if the alleged interference affects eligible employees. 29 U.S.C. § 2617(a)(1) (2012) ("Any employer who violates section 2615 of this title shall be liable to any <u>eligible</u> employee affected . . .") (emphasis added). As the court found above, Hansen was not an eligible employee under the FMLA and therefore Robinson has not violated the FMLA.

Hansen's claim for FMLA interference fails for an additional reason. Here, Hansen has failed to provide any evidence showing that his termination was motivated by his use or request of FMLA leave. In fact, the evidence on the record demonstrates that Robinson had approved twenty-six weeks

James C. Mahan
U.S. District Judge

- 8 -

1  of paid short-term disability leave. (Doc. # 35 at p. 27). Additionally, at the time of the alleged
2  interference as well, Hansen was not attempting to exercise his FMLA leave rights; he was
3  attempting to return to work in a new "light duty" or supervisor position. The court finds no evidence
4  of a causal relationship between Hansen's attempted FMLA leave and his termination.

5  Thus, the court finds that Hansen has failed to establish a prima facie case of FMLA
6  interference, and will grant summary judgment in favor of the Robinson.

7  Accordingly,

8  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for
9  summary judgment (doc. # 35) be, and the same hereby is, GRANTED. The clerk shall enter
10 judgment accordingly and close the case.

11 DATED June 6, 2014.

_____
UNITED STATES DISTRICT JUDGE